IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES L. SMITH,                          )
                                         )
                Petitioner,              )              4:06cv3132
                                         )
        vs.                              )        MEMORANDUM AND ORDER
                                         )
WARDEN, FPC YANKTON,                     )
                                         )
                Respondent.              )

This matter is before the court for initial review of filing no. 1, the Verified Petition filed by James L. Smith, who was a defendant in Case No. 4:02cr3012 (D. Neb.), in which he was convicted of distribution of methamphetamine in November of 2002. The court's records of Case No. 4:02cr3012 indicate that Mr. Smith did not file an appeal from his conviction and that he has not filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion").

In filing no. 1, the petitioner expressly states that his Verified Petition is not a habeas corpus petition pursuant to 28 U.S.C. § 2241 and is not a § 2255 motion, as 28 U.S.C. § 2241 and 28 U.S.C. § 2255 "were never enacted into positive law, are unconstitutional on their face, and are null and void ab initio" (filing no. 1 at 1). According to the petitioner, his Verified Petition is a habeas petition pursuant to 28 U.S.C. §§ 451 et seq.

The petitioner asserts many arguments why his conviction is void, including that the criminal statutes under which he was convicted are unconstitutional, and that this court lacked jurisdiction over him. However, the court disagrees with the petitioner's primary premise, i.e., that 28 U.S.C. § 2241 and 28 U.S.C. § 2255 were never enacted into positive law, are unconstitutional on their face, and are null and void ab initio. Furthermore, the court finds no authority in 28 U.S.C. §§ 451 et seq. for the action brought by the petitioner. Therefore, the above-entitled case and the Verified Petition will be dismissed, without prejudice to the petitioner's right, if appropriate, to file an action pursuant to a recognized

1

Dockets.Justia.com

statutory provision for collateral review such as 28 U.S.C. § 2241 or 28 U.S.C. § 2255.

Judgment will be entered accordingly.

      SO ORDERED.

      June 12, 2006.             BY THE COURT:

                                s/ *Richard G. Kopf*
                                United States District Judge