IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3132 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| WARDEN, FPC YANKTON, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is filing no. 5, the Notice of Appeal filed by the Petitioner, James L. Smith, a federal prisoner. Also before the court is filing no. 6, a Memorandum from the Clerk of Court inquiring whether the petitioner may proceed in forma pauperis ("IFP") on appeal. The petitioner appeals the Memorandum and Order (filing no. 3) and Judgment (filing no. 4) in which I dismissed his Petition for Writ of Habeas Corpus.

In filing no. 1, the petitioner expressly states that his Verified Petition is not a habeas corpus petition pursuant to 28 U.S.C. § 2241 and is not a § 2255 motion, as 28 U.S.C. § 2241 and 28 U.S.C. § 2255 "were never enacted into positive law, are unconstitutional on their face, and are null and void ab initio" (filing no. 1 at 1). According to the petitioner, his Verified Petition is a habeas petition pursuant to 28 U.S.C. §§ 451 *et seq.* I dismissed the Verified Petition, without prejudice to the petitioner's right, if appropriate, to file an action pursuant to a recognized statutory provision for collateral review such as 28 U.S.C. § 2241 or 28 U.S.C. § 2255.

28 U.S.C. § 2253, which requires the district court to consider whether to issue a certificate of appealability ("COA") on appeal, applies to appeals from the denial or dismissal of habeas petitions under 28 U.S.C. § 2254, habeas petitions by state prisoners under 28 U.S.C. § 2241, and motions to vacate sentence by federal prisoners under 28 U.S.C. § 2255. However, a federal prisoner appealing the denial or dismissal of a § 2241 petition is not required to obtain a COA. See, e.g., Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 346 (5th Cir. 2002); Hunnicutt v. Hawk, 229 F.3d 997, 998 (10th Cir. 2000); Murphy v. United States, 199 F.3d 599, 601 n.2 (2d Cir. 1999); Sugarman v. Pitzer, 170

F.3d 1145, 1146 (D.C. Cir. 1999); Bush v. Pitzer, 133 F.3d 455, 456 (7th Cir. 1997). See also Montez v. McKinna, 208 F.3d 862, 866-67 (10th Cir. 2000) (A COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255;" thus, a state prisoner needs a COA to appeal a § 2241 or § 2254 judgment, but a federal prisoner needs a COA only for a § 2255 appeal, not § 2241.).

Despite the petitioner's assertion that he brings this case pursuant to 28 U.S.C. §§ 451 *et seq.* and definitely *not* 28 U.S.C. § 2241, I shall treat the petition as analogous to a § 2241 petition for purposes of exemption from the requirement of a COA.

Nevertheless, the petitioner must still pay the $455 appellate filing fees at the outset of an appeal, absent leave to appeal IFP. To proceed IFP on appeal from the dismissal of a habeas petition, a petitioner must show both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Upon consideration of the record in this action and for the reasons stated in filing no. 3, I find that the plaintiff's appeal is frivolous and is not taken in good faith.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1. That leave to proceed in forma pauperis on appeal is denied;

2. That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit; and

3. That, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days, after service of this Memorandum and Order, to file a motion with the Eighth Circuit Court of Appeals for leave to proceed in forma pauperis on appeal.

July 26, 2006.         BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge